IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROBERT BRUSE,<br><br>                 Petitioner,<br><br>vs.<br><br>TOM GREEN; TIM FOX,<br><br>                 Respondents. | Cause No. CV 14-245-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATION |

      Petitioner Robert Bruse, appearing pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Bruse is a state inmate presently incarcerated at the Dawson County Correctional Facility in Glendive, Montana.

      Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to examine a section 2254 habeas petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition[.]" Pursuant to Rule 4, the Court has reviewed the merits of Bruse's claims in his petition and, for the reasons discussed, recommends that the petition be dismissed.

1

## I. Background

In 2012, Bruse was convicted in the Montana Twentieth Judicial District Court, Sanders County, of sexual intercourse without consent and incest. He is serving a 5-year term of incarceration imposed on each conviction, and the terms are to run concurrently.

Bruse alleges that while incarcerated the State of Montana did not timely present him for an initial parole hearing before the Montana Board of Pardons and Parole. Bruse contends, therefore, that his present incarceration is in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution entitling him to immediate release. Specifically, Bruse advances the following two claims: (1) he did not receive his initial parole hearing by his January 18, 2014 eligibility date, as he argues was required by statute; and (2) he did not receive his initial parole hearing in a timely manner. (Doc. 1 at 4-5.)

On June 11, 2013, Bruse filed a petition for a writ of habeas corpus with the Montana Supreme Court complaining that as of the date of his petition he had not received a copy of his criminal judgment, and the Montana Department of Corrections had not properly credited his sentence calculations with his prior jail time served. In response to Bruse's petition, the Department of Corrections explained that it also had not received a copy of Bruse's criminal judgment and had previously been unable to calculate his sentence. But after Bruse filed his

petition the Department received the judgment and, consequently, recalculated both Bruse's discharge date and his parole eligibility date. On August 27, 2013, the Montana Supreme Court issued its decision on Bruse's habeas petition noting that the Department's revised calculations established that Bruse's parole eligibility date was January 18, 2014. *Bruse v. Green*, OP 13-0398 (August 27, 2013 Order at 2, Montana Supreme Court).[1] The court denied Bruse's petition.

On July 7, 2014, Bruse filed a second habeas petition with the Montana Supreme Court alleging an additional error had occurred causing the Montana Department of Corrections' calculation of his January 18, 2014 parole eligibility date to be incorrect. He asserted that an amended judgment had been issued with respect to his criminal convictions which awarded him additional credit for prior jail time he served, but the Department had not yet applied that credit to his sentence calculations. On August 19, 2014, the Montana Supreme Court issued its decision on Bruse's second petition. That decision reflects that as a result of Bruse's second habeas petition the Montana Department of Corrections had since applied the additional credit and again revised and recalculated Bruse's parole eligibility date as October 10, 2013. *See Bruse v. Green*, OP 14-0430 (August 19, 2014 Order at 2, Montana Supreme Court). Although not noted by Bruse in his

---

[1]The Court may take judicial notice of judicial proceedings in other courts. *Rosales-Martinez v. Palmer*, 753 F.3d 890, (9th Cir. 2014).

petition, the Montana Supreme Court's decision reflects that Bruse had an initial parole hearing in June 2014, but was denied parole. *Id*. at 2-3. Importantly, Bruse does not allege here that the June 2014 hearing was deficient in any respect. Bruse merely claims that the hearing was not timely provided to him given that he was eligible for parole on October 10, 2013.

Bruse's allegations in his second state petition for a writ of habeas corpus presented his claims regarding the timeliness of his initial parole hearing as a violation of his due process rights under the Fourteenth Amendment. *Bruse v. Green*, OP 14-0430 (June 28, 2014 Petition at 3.) The Montana Supreme Court, however, concluded that Bruse's claim of an untimely parole hearing did not result in the "denial of his constitutional, statutory, or legal rights." *Bruse v. Green*, OP 14-0430 (August 19, 2014 Order at 3, Montana Supreme Court).

## II. Discussion

Federal habeas relief is available for a person confined in State custody, but "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States[,]" not on the ground that his custody is in violation of State law. 28 U.S.C. § 2254(a).

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that a state shall not "deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. Amend. XIV, § 1. Thus, to

4

state a due process violation an individual must establish the existence of a constitutionally recognized liberty interest that is protected by the Due Process Clause, and must demonstrate that the procedures afforded the individual for the protection of the liberty interest were constitutionally deficient. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). "Protected liberty interests may arise from two sources-the Due Process Clause itself and the laws of the States." *Id*. (quotation and citation omitted). *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (stating that a protected liberty interest could "arise from the Constitution itself, [...or] from an expectation or interest created by state laws or policies").

It is well-established that there exists no substantive federal right to release on parole, and "the only federal right at issue" in the context of habeas claims regarding parole hearings is a procedural right. *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011).[2] Thus, any liberty interest Bruse had in a right to an initial parole hearing would have to be grounded in state law.

Assuming, without deciding, the Montana statutory scheme governing eligibility for an initial parole hearing creates a liberty interest subject to the

---

[2]With respect to parole hearings an inmate is constitutionally entitled only to an opportunity to be heard, and a statement of reasons why parole was denied. *Swarthout*, 562 U.S. at 220. The "beginning and the end of federal habeas" analysis is whether the inmate received the minimal procedural protections required under the Due Process Clause. *Id*.

protection of the Due Process Clause of the Fourteenth Amendment, Bruse has failed to adequately allege he was denied due process with respect to the timing of his parole hearing. Where the timing of a parole hearing required under state law is subject to some discretionary flexibility, due process "does not include receiving a parole hearing in exact accordance with the specific time period required by [state statutes]." *Johnson v. Paparozzi*, 219 F. Supp. 2d 635, 642 (D.N.J. 2002) (citing *Burgos v. New Jersey State Parole Board*, 2000 WL 33722126, *8 (D.N.J. 2000) (noting that the applicable state parole scheme permitted the parole board to waive deadlines for hearings, or to certify an inmate for release "as soon as practicable after the eligibility date")).

Mont. Code Ann. § 46-23-202 – applicable to Bruse's habeas claim – afforded the Department of Corrections discretion as to when it presented Bruse for his initial parole hearing, requiring that Bruse be made available for his hearing "[w]ithin 2 months prior to [...his] official parole eligibility date or as soon after that date as possible[.]" Because the Department had some discretion in deciding when to hold Bruse's hearing, the fact that the hearing was not held within 2 months prior to his October 10, 2013 eligibility date does not, standing alone, constitute a due process violation. *See Jefferson v. Hart*, 84 F.3d 1314, 1317 (10th Cir. 1996) (citing *McNeal v. United States*, 553 F.2d 66, 68 (10th Cir. 1977) (recognizing that the denial of a timely parole proceeding is not a per se

violation of due process)). Rather, to establish a due process violation arising from the fact that his initial hearing was conducted some eight months after his eligibility date, Bruse would be required to establish the delay in the hearing "was both unreasonable and prejudicial." *Owens v. Curry*, 2010 WL 539351, *2 (N.D. Cal. 2010) (citing *Camacho v. White*, 918 F.2d 74, 79 (9th Cir. 1990)). But Bruse has not alleged that the eight-month delay in receiving his initial parole hearing in June 2014 prejudiced his request for release on parole. Instead, he simply alleges he is entitled to release on parole because the state did not provide him an initial hearing sooner than it did.

Furthermore, even if Bruse were given an opportunity to amend his allegations to allege that the delay was unreasonable and prejudicial to him, the record reflects he is no longer entitled to the only habeas relief that he could receive on his claim: an initial parole hearing. The federal habeas relief available in the first instance to a state inmate denied a timely parole hearing is to order the state to give the inmate a parole hearing, not to order the state to release him from custody. *Clifton v. Attorney General of the State of California*, 997 F.2d 660, 665 (9th Cir. 1993). *See also Jefferson*, 84 F.3d at 1317. In this case, since Bruse was given his initial parole hearing in June 2014, he has already been provided the only relief he could obtain if his habeas petition were successful on its merits. Therefore, the possible habeas relief is now moot, and this action is subject to

dismissal on that basis alone.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The law under the Due Process Clause applicable to Bruse's habeas claims is clearly established and is not subject to reasonable debate among jurists. Bruse has not made a substantial showing of the denial of a constitutional right and, therefore, a COA should be denied in this case.

### IV. Conclusion and Recommendation

Based on the foregoing, the Court recommends that:

1. Bruse's petition be DENIED and DISMISSED;

2. The Clerk of Court be directed to enter by separate document a judgment in favor of Respondents and against Petitioner dismissing Bruse's petition; and

3. A certificate of appealability be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Bruse may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Bruse must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this case without notice to him.

DATED this 11th day of March, 2015.

*/s/ Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge

---

[3] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed.R.Civ.P. 6(d) applies, and three days are added after the time would otherwise expire.