IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED
JUN 03 2015
Clerk, U.S District Court
District Of Montana
Missoula

ROBERT BRUSE,

Petitioner,

vs.

TOM GREEN; TIM FOX,

Respondents.

CV 14-245-M-DLC-JCL

ORDER

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation on March 11, 2015 recommending that Bruse's petition be denied and dismissed. Bruse objected to the Findings and Recommendation and the Court will conduct *de novo* review of the record. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). "Where a petitioner's objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original habeas petition, the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315 (D. Mont. 2014) (citations

1

omitted). For the reasons listed below, the Court adopts Judge Lynch's Findings and Recommendation in full.

Bruse was convicted in 2012 of sexual intercourse without consent and incest. He is currently serving a 5-year term of incarceration for each conviction, running concurrently. In his petition for writ of habeas corpus before this Court, Bruse alleges that he did not receive his initial parole hearing by his January 18, 2014 eligibility date and that he did not receive his initial parole hearing in a timely manner. Judge Lynch found that the Department of Corrections has discretion as to when it presented Bruse for his initial parole hearing, and the fact that it was not held within 2 months prior to his eligibility date does not alone constitute a due process violation. Further, Judge Lynch found that Bruse was given an initial parole hearing in June 2014 and because an initial hearing is the only relief available to him in this case, his habeas relief is now moot.

Bruse's objections are all based on the assertion that the Montana Supreme Court ordered his initial parole hearing to be held on January 18, 2014, citing the Court's August 27, 2013 opinion. *Bruse v. Green*, OP 13-0398 (August 27, 2013 Order, Montana Supreme Court). Review of that opinion reveals, however, that the Montana Supreme Court merely stated that an affidavit from the supervisor of Prison Records reflected a corrected parole eligibility date of January 18, 2014.

Based upon that correction, the Court denied Bruse's habeas corpus petition. *Id.* The August 27, 2013 opinion did not include any indication that Bruse's initial parole hearing be held on his eligibility date. Bruse does not raise any reasons in his petition or his objections why the delay in the hearing was both unreasonable and prejudicial.

Bruse also objects to Judge Lynch's recommendation that a certificate of appealability be denied. Bruse has failed to make a substantial showing of a denial of a constitutional right. The Department of Corrections discretionary decision to hold his initial parole hearing after his eligibility date alone is not sufficient to constitute a constitutional due process violation. His only relief, an initial parole hearing, already took place in June, 2014. The law underlying Bruse's claims is well settled and not subject to reasonable debate among jurists. A certificate of appealability is denied.

There being no clear error in Judge Lynch's remaining Findings and Recommendation,

IT IS ORDERED that Judge Lynch's Findings and Recommendation (Doc. 5) are ADOPTED IN FULL. Bruse's petition (Doc. 1) is DENIED and DISMISSED. A certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall enter by separate

document a judgment in favor of Respondent and against Petitioner.

DATED this 3rd day of June, 2015.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court